Citation Nr: 1434265 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 09-03 650A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in 
San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to an effective date earlier than February 8, 2008, for a 20 percent rating for erectile dysfunction with penile deformity associated with right epididymitis.


REPRESENTATION

Appellant represented by: Puerto Rico Public Advocate for Veterans Affairs


ATTORNEY FOR THE BOARD

Jonathan Tracy, Associate Counsel




INTRODUCTION

The Veteran served on active duty from August 1952 to July 1954. 

This matter comes before the Board of Veterans' Appeals (Board) on the basis of a rating determination entered in March 2008 by the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico, in which the RO increased the assigned evaluation for erectile dysfunction with penile deformity from 0 percent to 20 percent, effective from February 8, 2008. Notice of the action taken was provided to the Veteran in early April 2008 and he submitted a notice of disagreement later in April 2008, followed by issuance of a statement of the case in January 2009. Thereafter, the RO determined that the aforementioned appeal had not been timely perfected, but following further consideration, the RO in March 2012 concluded that a written statement submitted by the Veteran in February 2009 was in fact a timely submitted substantive appeal. Inasmuch as the RO has determined the appeal to be timely, no further action by the Board in that regard is necessary.

In December 2013, the Board remanded the issue on appeal for additional development. Specifically, the Board requested certain documents be translated and that additional VA treatment records be associated with the claims file. There has been substantial compliance with the mandates of the remand and the Board will proceed to adjudicate the appeal. See Stegall v. West, 11 Vet. App. 268 (1998).

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).



FINDING OF FACT

Prior to the March 2008 VA examination, the Veteran's erectile dysfunction was not manifested by a penile deformity.


CONCLUSION OF LAW

The criteria for an effective date prior to February 8, 2008, for the award of a 20 percent disability rating for service-connected erectile dysfunction with penile deformity associated with right epididymitis, have not been met. 38 U.S.C.A. §§ 5103, 5103A, 5107, 5110 (West 2002 & Supp. 2013); 38 C.F.R. § 3.400 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The Board notes that the issue on appeal arises from the Veteran's disagreement with the effective date assigned for the increased evaluation of his service-connected erectile dysfunction with penile deformity. The RO provided the Veteran with specific notice as to establishing entitlement to higher disability ratings in April 2007 and February 2008. In those notice letters, he was also advised of how VA determines effective dates. The Board finds that VA's obligation to notify the Veteran was met. Consequently, no further notice is necessary and there is no prejudice to the Veteran.

With respect to VA's duty to assist, all relevant, identified and available evidence has been obtained. The Veteran has not referred to any additional, unobtained evidence relevant to his claim. The duty to assist also includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on the claim. The Veteran was afforded VA examinations on his claim in November 2006 and March 2008. The Board finds that the examination reports are complete and adequate for rating purposes as they provide all relevant information needed to evaluate the Veteran's service-connected disability.

Thus, the Board finds that VA has satisfied its duties to inform and assist the Veteran at every stage of this case. Additional efforts to assist or notify him would serve no useful purpose. Therefore, he will not be prejudiced as a result of the Board proceeding to the merits of his claim.

II. Analysis

The Veteran contends that he is entitled to an effective date earlier than February 8, 2008, for the assignment of a 20 percent rating for erectile dysfunction with penile deformity. The provisions governing the assignment of the effective date of a rating are set forth in 38 U.S.C.A. § 5110(a) and (b)(2), and 38 C.F.R. § 3.400(o). The general rule with respect to the effective date of an award of compensation is the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C.A. § 5110(a); 38 C.F.R. § 3.400(o)(1).

Disability ratings are intended to compensate impairment in earning capacity due to a service-connected disorder. 38 U.S.C.A. § 1155. Separate diagnostic codes identify the various disabilities. Id. Evaluation of a service-connected disorder requires a review of the veteran's entire medical history regarding that disorder. 38 C.F.R. §§ 4.1 and 4.2. 

It is also necessary to evaluate the disability from the point of view of the veteran working or seeking work, 38 C.F.R. § 4.2 , and to resolve any reasonable doubt regarding the extent of the disability in the veteran's favor, 38 C.F.R. § 4.3 . If there is a question as to which evaluation to apply to the veteran's disability, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

Service connection for erectile dysfunction was granted in the January 2007 rating decision and was evaluated as noncompensable effective July 5, 2006. The Veteran disagreed with the noncompensable disability rating assigned for his now service-connected erectile dysfunction. The RO increased the rating to 20 percent in a rating decision in March 2008 effective February 8, 2008. Consequently, the Veteran's claim for a higher evaluation is an original claim that was placed in appellate status by his disagreement with the initial rating award. In these circumstances, separate ratings may be assigned for separate periods of time based on the facts found - a practice known as "staged" ratings. Fenderson v. West, 12 Vet. App. 119, 126 (1999).

The Board notes that there is not a diagnostic code specifically for erectile dysfunction. When an unlisted condition is encountered, it is permissible to rate the condition under a closely related disease or injury in which not only the functions affected, but the anatomical localization and symptomatology are closely analogous. 38 C.F.R. § 4.20. The assignment of a particular diagnostic code is "completely dependent on the facts of a particular case." Butts v. Brown, 5 Vet. App. 532, 538 (1993). One diagnostic code may be more appropriate than another based on such factors as an individual's relevant medical history, the current diagnosis, and demonstrated symptomatology. 38 C.F.R. § 4.27. Any change in a diagnostic code by a VA adjudicator must be specifically explained. See Pernorio v. Derwinski, 2 Vet. App. 625, 629 (1992).

In addition, the provisions of 38 C.F.R. § 4.115b , Diagnostic Code 7523, allows for a noncompensable (0 percent) rating for atrophy of one testicle, and a rating of 20 percent for atrophy of both testicles.

The Veteran's erectile dysfunction is currently rated by analogy under Diagnostic Code 7522, which provides that deformity of the penis with loss of erectile power warrants a 20 percent rating. A note to Diagnostic Code 7522 instructs VA to review for entitlement to special monthly compensation under 38 C.F.R. § 3.350. 38 C.F.R. § 4.115b, Diagnostic Code 7522. In this regard, the Board notes that special monthly compensation under 38 C.F.R. § 3.350 for loss of use of a creative organ was also granted in the January 2007 rating decision, effective the date of service connection for erectile dysfunction. Therefore, the issue of special monthly compensation is not before the Board.

In this case, the Veteran underwent a VA genitourinary examination in June 2005, prior to the original date of claim. At that examination, erectile dysfunction was not diagnosed. Subsequently, the Veteran filed a claim for service connection for erectile dysfunction and was afforded a VA examination in November 2006. At that examination, he complained of a "lack of strength in the erection and no ejaculation."

Upon examination, the examiner noted the "engorged right epididymis, a cystic area in the head of the epididymis." The Veteran was also reported to have an enlarged prostate. The examiner diagnosed the Veteran with "moderate erectile dysfunction." The examiner opined that the dysfunction was secondary to several problems including, "chronic epididymitis hypothyroidism." However, the examiner reported that the penis had "no deformities." Pursuant to DC 7522, the RO appropriately rated the Veteran as entitled to a noncompensable rating for erectile dysfunction because he had no deformities.

Subsequently, the Veteran underwent another VA examination in March 2008. The examiner again diagnosed erectile dysfunction. However, at this examination, the examiner noted a deformity: "enduration of mid. shaft." The Veteran also reported pain in his right testicle upon examination. The Veteran was also diagnosed with Peyronies disease.

The RO increased the rating to 20 percent. Based on the findings of a deformity, the Board agrees that the Veteran is entitled to a 20 percent rating. However, the issue is whether the Veteran is entitled to the increased rating earlier than February 8, 2008.

Based on a review of the evidence, the Board concludes that an effective date earlier than February 8, 2008, for the assignment of a 20 percent rating for erectile dysfunction with penile deformity, is not warranted. The VA examinations demonstrate that during the course of this appeal, the Veteran's condition worsened. At the November 2006 examination, no deformity was noted. Later, at the March 2008 examination, a deformity was noted.

The Board reviewed the VA treatment records. The records show extensive treatment for problems with the Veteran's prostate and epididymitis throughout the appellate period. However, none of the VA treatment records, prior to the March 2008 examination, make any mention of a penile deformity.

The Board also considered the private medical records and opinions submitted by the Veteran. He submitted two notes written by "Dr. A.O.S." dated in May 2007 and March 2008. Both notes are short statements that the Veteran has a penile deformity. Under case law, a medical opinion must support its conclusion with an analysis the Board can consider and weigh against other evidence in the record so that the Board will not have to rely on its own lay opinion to make a decision. Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007).

Here, Dr. A.O.S's short statements are not accompanied by any rationale. He does not explain exactly what physical defect was found to support a conclusion that there was a deformity. The conclusion may have been based simply on an unsubstantiated history provided by the Veteran. Conversely, the opinions from the VA examiners provide rationales for their opinions and clinical findings. The competent medical evidence demonstrates that there was no clinical finding of a penile deformity until the March 2008 VA examination.

The Board also considered the lay statements offered in support of the Veteran's claim. The Veteran is competent to testify on factual matters of which he has first-hand knowledge. Washington v. Nicholson, 19 Vet. App. 362 (2005). He is also competent to report symptoms of his condition. Layno v. Brown, 6 Vet. App. 465, 469-71 (1994). However, lay witnesses are not competent to provide a medical diagnosis. See Barr v. Nicholson, 21 Vet. App. 303 (2007). The Veteran is not competent to diagnose when he had the penile deformity.

Also, the Board notes that the evidence does not show, nor has the Veteran contended, that he has any atrophy of both testicles. Therefore, a compensable, 20 percent rating is not warranted under Diagnostic Code 7523.

The Board has also considered the applicability of other diagnostic codes for rating this disability, but finds that no other diagnostic code provides a basis for higher rating, as the Veteran's disability has not been shown to involve any factors that warrant evaluation under any other provision of VA's rating schedule.

After weighing the evidence favorable to his claim against that unfavorable to his claim, the Board concludes that the preponderance of the evidence is against a finding that that the Veteran in entitled to an effective date earlier than February 8, 2008 for the 20 percent evaluation for erectile dysfunction with penile deformity. Because the proximate cause element of a 38 U.S.C.A. § 1151 claim is not met, his appeal must be denied. There is no reasonable doubt to be resolved in this case. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to an effective date earlier than February 8, 2008, for a 20 percent rating for erectile dysfunction with penile deformity associated with right epididymitis, is denied.




____________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs